IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JAMES MARQUITON BLACK,

                Plaintiff,

v.

LORI ALSUM and DALIA SULIENE,

                Defendants.

ORDER

09-cv-672-slc
_____

        In an order entered in this case on January 6, 2010, this court granted plaintiff James Black's request for leave to proceed *in forma pauperis* on his Eighth Amendment claim that defendants Lori Alsum and Dalia Suliene were deliberately indifferent to plaintiff's medical need. A pretrial conference was held March 5, 2010 and the parties are briefing defendants' motion for summary judgment. Plaintiff now has filed a request for an extension of his legal loan limit and states "until I can be granted a legal loan I will not be able to meet the courts time limits . . ." which I will construe as a second request to extend his summary judgment opposition deadline.

        As an initial matter, I note that plaintiff has not indicated that he sent a copy of his letter to AAG Ann Peacock, counsel for defendants in this case. In the future, the court will not consider any paper plaintiff files in connection with this case that does not show clearly that a copy has been mailed to attorney Peacock as required by Fed. R. Civ. P. 5.

        With regard to plaintiff's assertions that he is being denied legal loan privileges, under Wis. Admin. Code § DOC 309.51, an inmate's "loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents." Whether plaintiff can convince prison officials to find extraordinary circumstances warranting an extension of this legal loan limit is not a matter for this court to decide. In *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir.

2003), the Court of Appeals for the Seventh Circuit held that the Constitution does not require the state of Wisconsin to subsidize the costs of plaintiff's lawsuit. I will not order the state of Wisconsin to lend prisoners more money or paper than they are authorized to receive under § DOC 309.51. Plaintiff's motion for an extension of his legal loan limit will be denied.

In any event, the very fact that plaintiff's current motion was posted and mailed to the court leads me to believe that plaintiff *is* able to communicate with this court despite limitations on his legal loan privileges. Plaintiff will have to do the best he can with the limited resources he has. Like any other person on a tight budget, plaintiff must make careful choices about how he chooses to allocate his limited income.

Finally, with regard to plaintiff's request for an extension of time to file his response to defendants' motion for summary judgment, I will give plaintiff two additional weeks until June 18, 2010 to file his opposition. Defendants will have until June 28, 2010, to reply. Plaintiff should use this time wisely: he is not going to get another extension.

ORDER

IT IS ORDERED that:

(1) Plaintiff's motion for a legal loan extension, dkt. #35, is DENIED.

(2) Plaintiff has until June 18, 2010, to file a response to defendants' motion for summary judgment. Defendants will have until June 28, 2010, to serve and file a reply.

Entered this 4th day of June, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge